**REN HANG CAI, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 05–0982–ag.

United States Court of Appeals, Second Circuit.

Nov. 16, 2006.

---

Theodore N. Cox, New York, NY, for Petitioner.

David R. Dugas, United States Attorney; James L. Nelson, Catherine M. Maraist, Assistant United States Attorneys, Baton Rouge, LA, for Respondent.

Present: RICHARD J. CARDAMONE, CHESTER J. STRAUB, BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Ren Hang Cai, a native and citizen of the People's Republic of China, seeks review of a February 8, 2005 order of the BIA affirming the November 17, 2003 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ren Hang Cai,* No. A 78 865 528 (B.I.A. Feb. 8, 2005) (per curiam), *aff'g* No. A 78 865 528 (Immig. Ct. N.Y. City Nov. 17, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, minus those arguments

for denying relief that were rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401–02, 406 (2d Cir.2005).

■ Here, the BIA did not adopt the IJ's adverse credibility determination. We therefore review only the determination that Cai failed to meet his burden of proof. Substantial evidence supports the BIA's and IJ's determination that, even assuming credibility, Cai failed to meet his burden of establishing past persecution. Cai testified that he was arrested, detained for only two hours, slapped once, questioned about a Falun Gong practitioner who regularly used the pay phone at his grocery store, and ordered to return the next day. When Cai did not report back to the police station, the local government subsequently closed his store and damaged it. While Cai stated that his store was "his only means of livelihood," he failed to meaningfully argue that the closure caused substantial economic deprivation. As such, Cai failed to establish past persecution, and therefore, was not entitled to the presumption of a well-founded fear of future persecution. See 8 C.F.R. § 1208.13(b)(1); *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"); *Joaquin–Porras v. Gonzales*, 435 F.3d 172, 182 (2d Cir.2006) (upholding agency's determination that applicant was not eligible for withholding of removal based on "brief" detention after which he was released "without harm"); *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir.2002) (finding that in order for economic harm to constitute persecution, the applicant must show at least a "deliberate imposition of a substantial economic disadvantage").

■ In contrast, the BIA's and IJ's conclusion that Cai failed to establish a well-founded fear of persecution if returned to China, is based on flawed and speculative reasoning. The IJ's confusion regarding the connection between Cai and the person who used the store pay phone was unfounded. Cai clearly stated in his written application and testified at his hearing that he was taken to the police station for questioning about a Falun Gong practitioner who regularly used his phone. There did not appear to be any other connection between the two individuals, nor was a further connection necessary in order for Cai to present his claim that the police detained and questioned him on account of his association with the Falun Gong member who used his phone.

Furthermore, although the police released Cai, the IJ failed to acknowledge that the closure and destruction of Cai's store also was relevant to an objective fear of persecution. To the extent that the IJ's neglect stemmed from her concern that there was more than one explanation for any closure of Cai's store, this reasoning was flawed. The IJ's theory that the officials may have closed the store because Cai operated it without a license was speculative, given Cai's testimony that he did not need a license from the government to own his store because he lived in a rural area. Even if there was a suggestion in the record that the officials may have wanted to close Cai's store because he

operated it without a license, it did not preclude Cai from advancing his claim that the authorities sought to persecute him due to an association with a Falun Gong practitioner. *See In re S–P–*, 21 I. & N Dec. 486, 489–90 (BIA 1996) (finding that persecutors may have different motives for engaging in acts of persecution, some tied to reasons protected under the Act and others not, and in these cases, "an applicant does not bear the unreasonable burden of establishing the exact motivation of a 'persecutor' ").

Moreover, the IJ's finding that "perhaps [Cai] could live somewhere else in China," is problematic because she failed to assess whether, under all the circumstances, it would be "reasonable" to expect the applicant to relocate. 8 C.F.R. § 208.13(b)(3); *Hong Ying Gao v. Gonzales,* 440 F.3d 62, 71–72 (2d Cir.2006). In light of the IJ's flawed reasoning, substantial evidence does not support the determination that Cai failed to meet his burden of proof to establish eligibility for asylum and withholding of removal.

However, because Cai failed to challenge the IJ's denial of his request for relief under the CAT in his petition, this claim is deemed waived. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED with respect to the asylum and withholding of removal claims, those aspects of the BIA decision are VACATED, and the case is REMANDED for further proceedings consistent with this order